**Glen GRAYSON, by his next friend, John Grayson, Plaintiff,**

v.

**Joseph MALONE et al., Defendants.**

**Civ. A. No. 68–1025–C.**

United States District Court, D. Massachusetts.

May 4, 1970.

Michael L. Altman, Boston Legal Assistance Project, Boston, Mass., for plaintiff.

Richard W. Coleman, Boston, Mass., for defendant Malone.

Gerard A. Powers, Edith Fine, Asst. Corp. Counsel for City of Boston, Boston, Mass., for defendants.

## OPINION

CAFFREY, District Judge.

This is a civil action in the nature of a bill in equity, brought pursuant to the Civil Rights Act, 42 U.S.C.A. sec. 1983. Jurisdiction of this court is invoked pursuant to 28 U.S.C.A. sec. 1343. As filed, the complaint sought a mandatory injunction against defendants ordering them to reinstate plaintiff as a member of the student body at Boston English High School. The complaint also sought actual and punitive damages.

Plaintiff was a student at Boston English High School until his suspension therefrom in October of 1968. Defendants are the former Headmaster of Boston English, and elected members of the then Boston School Committee. The complaint alleged that plaintiff was dis-

missed from the school because of his political associations and his civil rights activities, and also alleged that he was denied procedural due process because he was not afforded a hearing relative to his suspension. Cross-motions for summary judgment filed herein were argued, briefed, and denied.

At a hearing held on April 13, 1970, plaintiff waived the contention that he was dismissed from the school because of his political association and because of his participation in civil rights activities. He also waived any claim to actual damages and conceded that there were, in fact, substantive grounds to justify his suspension. The case proceeded to trial on the claim that plaintiff was not accorded procedural due process in connection with the indefinite suspension and should be awarded punitive damages on the basis of the denial of the procedural due process. I find and rule as follows:

Glen Grayson, who is presently 19 years of age, enrolled for his senior year at Boston English High School in the fall of 1967. Between the opening day of school and October 24, 1967, there were 36 school days. Plaintiff was present on 11 of these school days. He entered school on September 11, five days late, and was suspended on September 18 because of his participation in disruptive conduct. Subsequent to the suspension of September 18, a conference was held on September 25, 1967, between Mr. Joseph Malone, then Headmaster of the school, Mr. Louis R. Welch, Associate Superintendent of Schools for the Boston School Department, plaintiff, and plaintiff's father Mr. John Grayson. At this conference it was decided to re-admit plaintiff to Boston English but in the course of the conference Mr. Welch advised both the plaintiff and his father that if plaintiff was again suspended in order to be reinstated he would have to contact Welch. Plaintiff was further advised that if he were suspended again the matter would be out of the hands of Mr. Malone and

application for reinstatement would have to be made to Mr. Welch.

Following this conference, plaintiff was re-admitted to Boston English, and as a result of further disruptive conduct which need not be recited in detail here, in which plaintiff participated on October 22 and 23, he was again suspended by Mr. Malone on October 23. At that time, Mr. Malone telephoned John Grayson, plaintiff's father, and advised him both of the fact of the second suspension and of the reasons therefor. I find that Mr. Malone on this occasion reminded Mr. Grayson that the matter was now out of his hands and that Mr. Welch had advised him on September 25 that if Glen was suspended again he and his father would have to contact Mr. Welch for redress. Mr. Malone then made a written report of the second suspension to Mr. Welch, in which he set out the facts of the suspension and the fact that he had advised John Grayson that he would have to see Mr. Welch in order to get Glen reinstated. At the time of this second suspension, Glen Grayson was failing in all but one of his courses. At no time subsequent to the suspension of October 23, did plaintiff or his father follow, or attempt to follow, the instructions they had been given to contact Mr. Welch re Glen's reinstatement. Thereafter, on November 15, plaintiff transferred to Dorchester High School, where he was credited only on the remainder of the year without reference to the failing marks he had received for approximately the first two months of that school year at Boston English High.

On the basis of the foregoing, I find and rule that there was no denial of procedural due process involved, that both plaintiff and his father were expressly told what procedure should be followed, and that both refused to follow this procedure, as a consequence of which their failure to obtain a hearing resulted.

I rule that this refusal on the part of plaintiff and his father to contact Superintendent Welch amounted to a waiver of the right to any hearing on the Oc-

tober 23 suspension. I further find that neither Mr. Malone nor Mr. Welch acted in bad faith at any material time herein, nor with disregard of plaintiff's rights to attend school, and, consequently, there is nothing in the record in this case to afford a basis for actual or punitive damages. A judgment will be entered for the defendants, and the complaint is dismissed.